UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL COTTON, an individual; JOSE HURTADO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LARRY GERACI, an individual; REBECCA BERRY a/k/a REBECCA ANN BERRY RUNYAN, an individual; MICHAEL R. WEINSTEIN, an individual; SCOTT TOOTHACRE, an individual; FERRIS & BRITTON APC, a California corporation; GINA M. AUSTIN, an individual; AUSTIN LEGAL GROUP APC, a California corporation; SEAN MILLER, an individual; FINCH THORTON & BAIRD, a limited liability partnership; DAVID DEMIAN, an individual; ADAM WITT, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 18cv2751-GPC(MDD)<br><br>**ORDER DISMISSING THE COMPLAINT WITH PREJUDICE AND DENYING DEFENDANTS' MOTIONS TO DISMISS AS MOOT**<br><br>**[Dkt. Nos. 18, 20, 21.]** |

Before the Court are Defendants Finch Thornton & Baird LLP, David Demian and Adam Witt's motion to dismiss pursuant to Federal Rule of Civil Procedure 4, (Dkt. No.

18); Defendants Michael R Weinstein, Scott Toothacre, and Ferris & Britton, APC's motion to dismiss, or in the alternative, motion to stay the case, (Dkt. No. 20); and Defendants Gina M. Austin and Austin Legal Group APC's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), 9(b) and California's anti-SLAPP statute. (Dkt. No. 21.) Oppositions were filed by Plaintiff Darryl Cotton.[1] (Dkt. Nos. 27, 28.) Replies were subsequently filed by all Defendants. (Dkt. Nos. 29-31.)

Based on the reasoning below, the Court DISMISSES the Complaint pursuant to the Court's Order filed on February 28, 2018 in Case No. 18cv325-GPC(MDD) and DENIES Defendants' motions to dismiss as moot.

## Discussion

On December 6, 2018, Plaintiffs Darryl Cotton ("Cotton") and Joe Hurtado ("Hurtado"), with counsel, filed the instant Complaint alleging causes of action for fraud, abuse of process, RICO, civil conspiracy, and legal malpractice against Defendant Larry Geraci and a number of other defendants involved in a pending state court case in the Superior Court of San Diego in Case No. 37-2017-00010073-CU-BC-CTL. (Dkt. No. 1.) Pursuant to Local Civil Rule 40.1, the instant Complaint was low-numbered to a prior case in this Court filed by Darryl Cotton against Larry Geraci and numerous defendants in Case No. 18cv325-GPC(MDD) because they are related. (Dkt. No. 3.) On April 19, 2019, Hurtado substituted himself in to proceed in pro per in place of his counsel. (Dkt. No. 26.)

The instant case is based on an alleged real estate purchase and sale contract between Cotton and Geraci that is the subject of the controversy in the state court action and also includes Cotton's claims against individuals involved in the underlying state court case. On March 21, 2017, Geraci filed a state court complaint against Cotton alleging breach of contract, breach of the covenant of good faith and fair dealing, specific

---

[1] Plaintiff Hurtado, now proceeding pro se, did not file an opposition.

performance and declaratory relief concerning a real estate purchase and sale agreement. (Dkt. No. 20-2, Ds' RJN[2], Ex. B, State Court Compl.) According to the state court complaint, the parties entered into a written agreement for the purchase and sale of Cotton's real property located at 6176 Federal Boulevard, San Diego, CA on November 2, 2016. (Id., Compl. ¶ 7.) On that day, Geraci paid Cotton $10,000 good faith earnest money to be applied to the sales price of $800,000 and the sale was subject to approval of a conditional use permit ("CUP") by the City of San Diego. (Id. ¶ 8.) Geraci engaged in efforts and spent money to obtain a CUP including hiring a consultant, Rebecca Berry, to coordinate the CUP efforts and an architect. (Id. ¶ 9.) The state court complaint claims that Cotton anticipatorily breached the contract stating he will not perform according to the terms of the written contract. (Id. ¶ 11.) Specifically, Geraci alleges that Cotton "has stated that, contrary to the written terms, the parties agreed to a down payment or earnest money in the amount of $50,000.00 and that he will not perform unless Geraci makes a further down payment. Cotton has also stated that, contrary to the written terms, he is entitled to a 10% ownership interest in the Property and that he will not perform unless Geraci transfers to him a 10% ownership interest. Cotton also threatened to contact the City of San Diego to sabotage the CUP process by withdrawing his acknowledgment that Geraci has a right to possession or control of the Property if Geraci will not accede to his additional terms and conditions and, on March 21, 2017, Cotton made good on his threat when he contacted the City of San Diego and attempted to withdraw the CUP application." (Id.) On May 12, 2017, Cotton subsequently filed a cross-complaint in state court against Geraci and Berry for numerous causes of action relating the contract for the sale of his Property. (Id., Ex. C.)

---

[2] The Court grants Defendants Weinstein, Toothacre and Ferris & Britton, APC's request for judicial notice of court filings in state court and this Court. (Dkt. No. 20-2.) The Court may take judicial notice of court filings and other matters of public record. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

During the pendency of the state court complaint, on February 9, 2018, Cotton, proceeding *pro se*, filed a Complaint in this Court alleging eighteen causes of action under federal and state law along with a motion to proceed in forma pauperis. (Case No. 18cv325-GPC(MDD), Dkt. Nos. 1, 2.) Similar to the state court complaint and cross-complaint, the Complaint concerned the alleged breach of an agreement for the purchase and sale of Cotton's real property located at 6176 Federal Boulevard, San Diego, CA on November 2, 2016. (Case No. 18cv325-GPC(MDD), Dkt. No. 1, Compl.[3]) The Complaint alleged that Cotton's property at 6176 Federal Boulevard, San Diego, CA, qualifies for a Conditional Use Permit ("CUP") for the establishment of a Medical Marijuana Consumer Collective ("MMCC"). (Id. ¶ 2.) If the CUP is approved, the value of the property will potentially be greater than $100 million. (Id. ¶¶ 2, 3.) On November 2, 2016, Cotton and Geraci orally agreed to terms for the sale of Cotton's property. (Id. ¶ 44.) The oral agreement contained condition precedents prior to closing. (Id. ¶ 45.) The Agreement required that Geraci provide a $50,000 non-refundable deposit for Cotton to keep if the CUP was not issued; a total purchase price of $800,000 if the CUP was issued; and a 10% equity stake in the MMCC with a guaranteed monthly equity distribution of $10,000. (Id. ¶ 46.) According to Cotton, Geraci provided Cotton with $10,000 cash to be applied toward the non-refundable deposit of $50,000 and had Cotton execute a document to record his receipt of the money and promised to have his attorney, Gina Austin, speedily draft a final, written purchase agreement for the Property that would memorialize their oral terms. (Id. ¶ 47.) They effectively agreed to two written agreements: the "purchase agreement" for the sale of the property and a "side agreement" concerning Cotton's equity stake and other provisions. (Id. ¶ 48.)

Cotton claims he has definitive proof of the terms of their agreement based on a confirmation email Geraci sent to Cotton stating, "No No problem at all" when Cotton

---

[3] The allegations in the Complaint, in 18cv325, are similar to those in Cotton's cross-complaint in state court. (See Dkt. No. 20-2, Ds' RJN, Exs. C and D.)

emailed Geraci noting that the 10% equity interest in the dispensary was not added into their purchase agreement of November 2, 2016 and asked that Geraci simply acknowledge that interest in a reply email. (Id. ¶ 49.) According to Cotton, Geraci's response to the email demonstrates that the November 2, 2016 agreement is not the final agreement. (Id. ¶ 50.) He also claims that Geraci attached a draft "side agreement" providing for the 10% interest in an email on March 7, 2017. (Id. ¶¶ 52-54.) Cotton argues that Geraci breached the agreement by filing the CUP application without first paying the balance of $40,000, and failed to provide the final agreement as promised. (Id. ¶ 56.) Geraci made it clear he would not honor the agreement, and then Cotton responded informing Geraci that he no longer has any interest in his property. (Id. ¶ 59.) In desperate need of funds, Cotton entered into a written real estate purchase agreement with a third party. (Id.)

On February 28, 2018, the Court granted Plaintiff's motion to proceed IFP and *sua sponte* stayed the case until resolution of the parallel state court action pursuant to the Colorado River[4] doctrine. (Dkt. No. 7.) In its order, the Court conducted a detailed analysis going through the eight factors to determine if the Colorado River abstention doctrine applied. (Id. at 6-10.) Of significance, the Court noted that "Plaintiff seeks to litigate the exact same issues that are currently pending in state court in this Court. Not only will both courts consider the same issues but could possibly reach different results." (Id. at 8.) The Court also noted that the state court action was filed first and was in the middle of discovery. (Id. at 8.) The Court concluded that Cotton was "clearly forum shopping" and was "dissatisfied with the acts taken by the defendants in the underlying state court case, and dissatisfied with the rulings of the state court." (Id. at 9-10.) Finally, the court concluded that the state court and federal court complaint were substantially similar as the causes of action all arise out of the same November 2, 2016

---

[4] Colorado River Water Dist. v. United States, 424 U.S. 800 (1976).

agreement and subsequent disputes. The Court stayed the case on February 28, 2018 "until resolution of the parallel state court action." (Id. at 11.)

By filing the instant Complaint on December 6, 2018 alleging causes of action relating to the November 2, 2016 purchase and sale agreement between Cotton and Geraci, Cotton is again improperly attempting to forum shop, and this time, attempting to circumvent the Court's order staying the issues concerning the real estate purchase and sale agreement of November 2, 2016 pending resolution of the state court action. According to Defendants, the state court action is still pending with a trial date set for June 28, 2019. (Dkt. No. 20-1 at 10.) Instead of filing a new complaint, Plaintiff should have filed a motion to lift the stay in Case No. 18cv325 explaining why the stay should be lifted due to changed circumstances. See Taylor v. Hawley Troxel Ennis & Hawley, LLP, 628 Fed. App'x 490, 491 (9th Cir. 2015) (district court erred in denying motion to lift stay due to changed circumstances).

In responding to the motion to dismiss by Weinstein, Toothacre, and Ferris & Britton, Plaintiff appears to justify the filing of the new Complaint or demonstrate changed circumstances by arguing that the stay based on the Colorado River abstention is inapplicable because the state court does not have jurisdiction over the real property at issue because indispensable parties have not been named; therefore, the state action must be dismissed. (Dkt. No. 27 at 6.) He argues that his counsel has an *ex parte* hearing on April 25, 2019 in the state action seeking dismissal for failure to join an "indispensable party" however, he has not updated the Court on the state court's ruling and based on a review of the Register of Actions on the state court's website, the case is still pending in state court. Moreover, Defendants explained that the April 25, 2019 *ex parte* hearing never proceeded because Cotton never filed an application. (Dkt. No. 31 at 4.) Cotton then argues that the state court action should be dismissed for failure to join an indispensable party, Richard Martin, the third party who purchased the property on March 22, 2017. However, this issue is not properly before this Court.

Cotton further argues, without legal authority, that the Colorado River abstention doctrine is no longer applicable because there are additional parties and an additional cause of action for legal malpractice.[5]

The Colorado River abstention doctrine applies to actions that are "substantially similar," and "exact parallelism" is not required. Nakash v. Marciano, 882 F.2d 1411, 1412-13, 1416 (9th Cir. 1989) (The federal action, filed five years after the state action included slightly different parties and similar, although not identical, causes of action). In Nakash, the court found that the state and federal actions were substantially similar because it was merely a "'spin-off' of the more comprehensive state litigation." Id. at 1417; Am. Int'l Underwriters, Inc. v. Continental Ins. Co., 843 F.2d 1253, 1259-60 (9th Cir. 1988) (after filing in state court, plaintiff brought suit in federal court to avoid the state court's unfavorable evidentiary rules); Silvaco Data Sys., Inc. v. Tech. Modeling Assocs., Inc., 896 F. Supp. 973, 976 (N.D. Cal. 1995) (pointing out that "[t]he mere fact that the claims in state and federal court are not based on exactly the same laws does not preclude a finding of substantial similarity" and holding that "[a]lthough the state and federal actions are not identical, they include extremely similar claims that all arise out of the long-standing competitive feud between [the parties]").

Here, the instant Complaint adds an additional plaintiff, Joe Hurtado, adds as defendants his former attorneys representing him in the state court action, Finch Thorton & Baird, David Demian and Adam Witt as well as adding Sean Miller as a defendant. According to the Complaint, Joe Hurtado is Cotton's "transactional advisor" and "litigation investor" as it relates to the "underlying lawsuit between Cotton and Geraci." (Dkt. No. 1, Compl. ¶ 8.) It also adds Sean Miller as a defendant because he threatened

---

[5] Cotton also argues that the Colorado River abstention does not apply where monetary damages are sought under a claim pursuant to 42 U.S.C. § 1983 while state court proceedings are pending. He claims that Hurtado has stated that he intends to file a separate complaint to include a 42 U.S.C. § 1983 claim against the City of San Diego. (Dkt. No. 28 at 16.) Even if Plaintiff's argument is correct, the argument is without merit as the pending complaint does not assert a claim under 42 U.S.C. § 1983.

Hurtado and his family with the purpose of using Hurtado's influence with Cotton to have him forcibly settle with Geraci. (Id. ¶ 21.) Finally, the Complaint adds a legal malpractice claim against Cotton's former counsel in the state court action, Finch Thornton & Baird, Demian and Witt. (Id. ¶¶ 24-37.) However, the naming of additional parties and the addition of the legal malpractice claim that arise out of the state court litigation concerning the November 2, 2016 real estate contract between Cotton and Geraci do not demonstrate changed circumstances sufficient to lift the stay. Plaintiff continues to be dissatisfied with the state court proceedings and the conduct of the named defendants in the state court proceedings. See Nakash, 882 F.2d at 1417 ("We have no interest in encouraging this practice [of forum shopping due to dissatisfaction with the state court]."). Accordingly, because there is a pending case that is currently stayed, the Court DISMISSES the Complaint with prejudice pursuant to the Court's Order staying the action under the Colorado River abstention doctrine, filed on February 29, 2018, in Case No. 18cv325-GPC(MDD).

Plaintiff expressed concern of prejudice if the complaint is dismissed because his legal malpractice claim would be barred because the statute of limitations for legal malpractice not related to fraud is one year.[6] See Cal. Civ. Proc. Code § 340.6. Plaintiff notes that his attorneys in state court were grossly negligently or purposefully by failing to address factual and legal issues at oral argument on December 7, 2017. (Dkt. No. 27 at 3.) Therefore, the instant Complaint was filed within the one-year limitations period on December 6, 2018. However, Plaintiff indicated that he intends to allege a legal malpractice claim based on fraud where the statue of limitations is four years. (Dkt. No. 27 at 7.) Therefore, Plaintiff will not be prejudiced by the Court's dismissal of this action.

////

---

[6] Plaintiff raised the prejudice issue with regards to Defendants Finch Thornton & Baird, Demian and Witt's motion to dismiss for improper service. (Dkt. No. 27 at 6.)

8

**Conclusion**

Based on the above, the Court DISMISSES the Complaint with prejudice. Any future filings shall be made in Case No. 18cv325-GPC(MDD). The Court DENIES all Defendants' motions to dismiss as moot. The hearing set for May 24, 2019 shall be **<u>vacated.</u>**

IT IS SO ORDERED.

Dated: May 14, 2019

*[signature]*
Hon. Gonzalo P. Curiel
United States District Judge